THE LAWRENCE CANNING COMPANY v. THE H. D. LEE
MERCANTILE COMPANY.

No. 150.

MEASURE OF DAMAGES—*for declining goods on delivery, difference between contract and market price at time and place of delivery.* Where a contract was made for the sale of a car of canned tomatoes for future delivery on track at Salina, and the purchaser declined to receive and pay for the goods on delivery; *held*, that the measure of damages was the difference between the contract price and the market value of such goods at the time and place agreed upon for delivery. And *further held*, that a sale of such goods a month later in a distant market, without notice, was not evidence of such market value.

Error from Shawnee Circuit Court. Hon. J. B. Johnson, Judge. Opinion filed April 30, 1897. *Affirmed.*

*Bishop & Mitchell*, and *J. H. Mitchell*, for plaintiff in error.

*T. F. Garver*, for defendant in error.

McELROY, J. This was an action brought by the Lawrence Canning Company against the H. D. Lee Mercantile Company to recover damages for the refusal of the latter Company to accept, and pay for, a car of canned tomatoes. The plaintiff Canning Company was engaged in the manufacture of canned goods at Lawrence, and the defendant was a wholesale grocer at Salina, Kan. September 27, 1890, the Lee Mercantile Company purchased of plaintiff one thousand dozen canned tomatoes for the price of $1.09 per dozen, delivered at Salina; delivery was to be made about November 1. On November 6, 1890, the defendant Mercantile Company countermanded the order. On November 11, 1890, the Mercantile Company refused to accept the tomatoes, and

so notified the Canning Company. The Canning Company, without notice to the Mercantile Company, shipped the tomatoes to Pueblo, Colo., where they were sold, some time in December following, for ninety-seven cents per dozen. This action was brought to recover the difference between the contract price and the amount received for the goods, amounting to $377.55. The case was tried by the court without a jury. Special findings of facts and conclusions of law were made. The court found the issues in favor of the plaintiff, and rendered judgment against the defendant for nominal damages. The plaintiff brings the case to this court.

The only question in the case is, what is the proper measure of damages? The plaintiff claimed that the measure of damages was the difference between the contract price and the price at which the tomatoes were sold in Pueblo, less the freight and expense incident to the Pueblo sale. The defendant claimed that the measure of damages was the difference between the contract price and the price of tomatoes at the time and place of delivery. The court found as a conclusion of law :

" The measure of damages, under the facts in this case, is the difference between the contract price and the market value of the goods at Salina, the place of delivery, at the time the delivery of the goods was tendered. As the evidence does not show what such market value was, the plaintiff cannot recover more than nominal damages. The defendant is not bound by the re-sale of the goods in Pueblo, because of want of notice to the defendant of the intention to make the sale, and because not made at the place of delivery, there being no evidence to show there was not a market for such goods at such place."

It is well settled that the general rule for the meas-

ure of damages, in cases like this, is "the difference between the contract price and the market value at the time and place of delivery." *Stewart v. Power*, 12 Kan. 596 ; *Gray v. Hall*, 29 id. 704 ; *Mercantile Co. v. Lusk*, 45 id. 182.

If there was no market for the goods at Salina when the Mercantile Company refused to receive them, then the difference between the contract price and the market value of such goods in the nearest available market, less the expense of carrying the goods to such market, would be the measure of damages.   There is no evidence in the record showing what the market value of canned tomatoes was at Salina at the time agreed upon for the delivery of the goods, nor is there any proof as to whether there was, or was not, a market for such goods at such time and place.   The court could not take judicial notice of the fact that there was no market at Salina for such goods, that canned tomatoes depreciated in value between the date of the contract for the goods and November 11, the date on which defendant refused to accept them, nor that Pueblo, Colo., was the nearest available market.

It follows, that the court committed no error in overruling the plaintiff's motion for a new trial.   The judgment will be affirmed.